UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE MORALES, et al.,

                              Plaintiffs,

     v.

City of New York, et al.

                              Defendants.
----------------------------------------------------------X

10 Civ. 9534 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      The Defendant City of New York, by letter dated August 5, 2011, requests the Court to issue an Order to Show Cause why the Plaintiff's *in forma pauperis* status (IFP) should not be revoked pursuant to 28 U.S.C. § 1915 and the action dismissed with prejudice as to ten plaintiffs (and without prejudice as to five plaintiffs) because the plaintiffs failed to disclose on their Request to Proceed *In Forma Pauperis* application, the amounts in prison trust funds held by the prison for their use in making telephone calls or commissary purchases, etc. and citing as authority decisions of other Judges of this Court granting similar motions.

      The forms upon which Defendant relies are court forms for the Eastern District of New York used by all plaintiffs seeking IFP status and request that the plaintiff be given the right to proceed *in forma pauperis* without being required to prepay fees or costs or give security therefore and states that because of his poverty he is unable to pay the costs of the proceeding. It includes the question: "Do you have any money, including money in a checking or savings account? If so, how much?" The plaintiffs answered, "No" or "N/A."

      *In Forma Pauperis* forms for prisoner plaintiffs must be accompanied by the Eastern District's Prisoner Authorization Form signed by the prisoner authorizing the facility holding

1

him in custody to send to the Clerk of the Court a copy of his prison account statement for the past six months and authorizing the facility holding him in custody to calculate the amounts specified in 28 U.S.C. 1915(b), to deduct those amounts from his prison trust fund account (or institutional equivalent) and to disburse those amounts to the District Court, to pay the $350.00 Court filing fee.[1]

Both of these forms must be filled out and signed by a prisoner plaintiff and sent to the Clerks Office and prior to the Clerks Pro Se Office forwarding the *In Forma Pauperis* application to the Court for approval for a plaintiff prisoner to proceed *in forma pauperis*.

The purpose of the Court's *In Forma Pauperis* form is to determine if the plaintiff is sufficiently indigent to entitle him to a waiver of the Court's filing fee. Since the forms submitted to the Court authorized payment of the fee from each of the Plaintiffs' prison account, the Plaintiffs have not frustrated the purpose of the IFP form. Accordingly, the Defendant's request for an Order to Show Cause is denied.

As for the claim of failure to disclose or concealing in bad faith, the fault is more the Court's than the prisoner plaintiff's. The IFP form is drafted with non-prisoner plaintiffs in mind. The question: "Do you have any money?" for a prisoner is a non starter. Prisoners are not allowed to have money. There would be all sorts of altercations in prisons if they did. That's why they have prison trust accounts. The remainder of the question, "including any money in a checking or savings account, if so, how much?" does not directly address how much money is in a prison trust fund account and most prisoners have transferred any monies in checking or savings accounts to family members prior to incarceration. Furthermore, there is disclosure to the approving judge. Accompanying the IFP forms is the Prisoner Authorization Form filled out

---

[1] The Authorization states: "This authorization shall apply to any facility into whose custody it may be transferred."

by the prisoner plaintiff authorizing disclosure to the Court of the exact amount in his prisoner trust fund including all activity in that account for the last six months. In view of these circumstances, can a prospective prisoner plaintiff's answers on the IFP form, which fails to disclose the amount in his prisoner trust account be found to be in "bad faith", or "an intentional failure" to disclose his prison trust account. I think not. The existence of the Plaintiff's prison trust account has been disclosed on the two forms simultaneously submitted to the Judge.

Since this case has now been transferred to this district, if Plaintiffs Edwards, Bennett, Sayers, Pointzes and Mason seek to join this action, they must obtain and fill out the Prisoner Authorization Forms and the *In Forma Pauperis* Form from the Pro Se Office of this Court and file it within 30 days of this Order together with a statement of claim showing that they have grounds to be joined in the lawsuit.

Accordingly, the Defendants' application to dismiss the Plaintiffs' Complaint is denied.

SO ORDERED.

Dated: New York, New York
       September 23, 2011

                                        Robert P. Patterson, Jr.
                                        U.S.D.J.


Copies of this Order were sent to:

*Pro se Plaintiffs:*

**Jose Morales**
# 8951000567
North Infirmary Command
15-00 Hazen Street
East Elmhurst, NY 11370

3

**Malik Edwards**
00-A-6134
Great Meadow Correctional Facility
PO Box 51
Comstock, NY 12821-0051

**Alan Pointzes**
# 30010000773
North Infirmary Command
15-00 Hazen Street
East Elmhurst, NY 11370

**Devin Sayers**
# 541-100-2001
North Infirmary Command
15-00 Hazen Street
East Elmhurst, NY 11370

**Granville Mason**
# 349-1015-690
North Infirmary Command
15-00 Hazen Street
East Elmhurst, NY 11370

**Aaron Bennett**
# 349-10-19025
North Infirmary Command
15-00 Hazen Street
East Elmhurst, NY 11370

*Counsel for Defendants:*

**Chlarens Orsland**
NYC Law Department,
100 Church Street
New York, NY 10007
212-788-0904
Fax: 212-788-0877

**Martin John Bowe , Jr**
NYC Law Department
100 Church Street
New York, NY 10007

212-788-0878
Fax: 212-788-0940

5